# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOISE BRYANT,<br>　　　Plaintiff,<br><br>v.<br><br>ROBERT L. MAXA, M.D., et. al.<br>　　　Defendants. | C.A. 10-48 Erie |

## MEMORANDUM AND ORDER

Presently before the Court is the Oral Report and Recommendation ("R & R"), dated September 21, 2010 and issued on the record during a hearing held on that date, in which Magistrate Judge Susan Paradise Baxter recommends that Plaintiff Boise Bryant's motion for a preliminary injunction, motion for a temporary restraining order, and motion for appointment of counsel (Doc. 30) be denied. Bryant now seeks review of the order with respect to the denial of his appointment of counsel.

For the reasons set forth below, the Court will adopt the R & R in its entirety and deny Plaintiff's motion for a preliminary injunction, motion for temporary restraining order and motion for appointment of counsel, and will recommit this matter to the magistrate judge for further consideration of the motion to dismiss.

## I. BACKGROUND

On April 13, 2009, Bryant, an inmate previously[1] confined at the State Correctional Institution at Forest, Pennsylvania ("SCI-Forest"), proceeding *pro se* and *in forma pauperis*, filed a complaint (Doc. 9) alleging, *inter alia*, that the Defendants have failed to provide proper medical care to him in violation of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. In his motion for preliminary injunction, Bryant contends that he has been

---

[1] On December 27, 2010, Bryant notified the Court that he had "maxed out his prison sentence" and provided a new mailing address at his son's residence in Philadelphia, Pennsylvania (Doc. 40).

1

denied medical treatment for Hepatitis C and requires life saving medical treatment and will die if he is not granted injunctive relief. The complaint names as defendants Robert L. Maxa, M.D. ("Dr. Maxa"), a physician employed by Prison Health Services, Inc. ("PHS") and Rhonda H. Sherbine, P.A. ("Sherbine), a physician assistant also employed by PHS.

On June 23, 2010, Dr. Maxa and Sherbine filed a joint motion to dismiss, and defendant Donald Skunda, CHCA, a health care administrator at the prison, also filed a separate motion to dismiss. (Docs. 16 and 21). Bryant was ordered to file a response to the motions and has not done so.

At the hearing, which was transcribed and subsequently made part of the record (Doc. 38), Dr. Maxa was placed under oath and testified as to Bryant's course of treatment. The transcript and Dr. Maxa's written verification (Doc. 33-1), which we have carefully reviewed, detail the facts relevant to the present motion. Dr. Maxa explained that Bryant is in no medical danger of suffering imminent death or any form of imminent injury and that Bryant's care and treatment has been within the appropriate standard of care.

Bryant filed a "Motion for Appeal from Magistrate Susan Pardise Baxter Hearing and Order Dated 9/21/2010." (Doc. 37). He explains that he is a 70 year old African American with chronic hepatitis C, with an 8th grade reading level, and that he did not graduate high school, and that he has no possibility of retaining counsel due to his continued indigence. (Doc. 37 at 1).

## II. DISCUSSION

The R & R recommends that Bryant's request for a preliminary injunction and temporary restraining order be denied because Bryant has not shown that he will suffer irreparable harm if the injunctive relief is denied. R&R at 13-14. Bryant filed objections to the R & R (Doc. 37), in which he did not object to the denial on injunctive relief; rather, he objected to the denial of his

request for appointment of counsel. The Magistrate's denial of the request for appointment of counsel was entered in the docket as a text-only entry on the day of the hearing [Text Order dated September 21, 2010].

### A. Denial of Injunctive Relief

In reviewing the report of a magistrate judge, we must make a *de novo* determination with respect to those portions of the report and the findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 674-75 (1980); see also Local Rule 72.D.2. In providing a *de novo* determination rather than a *de novo* hearing, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations without the need to rehear testimony. Raddatz, 447 U.S. at 674-75; see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). In this case, our *de novo* review confirms the Magistrate Judge's analysis, and therefore, the Court will adopt the R & R in its entirety.

A preliminary injunction is "an extraordinary remedy" and "should be granted only in limited circumstances." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. To obtain a preliminary injunction, the moving party must show:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

3

Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 2000). While the court must consider all of these factors, id., success on the merits and irreparable harm are particularly important, Hoxworth v. Bliner, Robinson & Co., 903 F.2d 186, 197 (3d Cir. 1990), and an injunction cannot be issued unless these two elements are demonstrated, Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).

We concur in the magistrate's determination that Bryant is not entitled to a preliminary injunction because he has not shown that he will suffer irreparable harm if the injunction is denied. She stated:

> Irreparable injury [would arise] if it was shown that Mr. Bryant needed the treatment and fulfilled all the requirements for the protocol, but for some unrelated reason was not given the correct treatment. However the testimony in this case from the medical professional is that he does not fit in the protocol for a number of reasons. That in fact his tests show that he does not need drastic treatment. And that in fact treatment would not even be completed before he is released from prison.

R&R at 13-14. Indeed, Dr. Maxa explained that in cases, such as this, where patients are attempting to receive Interferon treatment, the treatment itself can be harsher than the disease symptom. Moreover, the Interferon treatment was unavailable to Mr. Bryant due to the fact that he was 65 years old as of the time he initially sought treatment, which exceeds applicable protocol's requirement that anyone over 60 years of age should not be treated. Dr. Maxa also explained that the chance of him having a quick response would be very slim, and in fact, Mr. Bryant is not currently presenting any symptoms of Hepatitis C. Mr. Bryant has been seen by medical staff a number of times for his diabetes and his hyperlipemia as well as other symptoms, and Mr. Bryant has refused medication and treatment on a number of occasions because he wants to see a specialist on the outside rather than following any kind of treatment plans in prison. R&R at 10. Finally, Dr. Maxa explained that the interferon treatment would not be beneficial

4

because Mr. Bryant would not be incarcerated long enough in order for the treatment to be completed. R&R at 5-8. Dr. Maxa has also stated that Mr. Bryant is in no medical danger of suffering imminent death or any form of imminent injury. Doc. 33-1 at ¶ 8.

We also find that Mr. Bryant has not shown a reasonable probability of success on the merits. To prevail on an Eighth Amendment claim based on lack of medical treatment, a prisoner plaintiff must prove the defendants' "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The test for determining whether a defendant was deliberately indifferent is whether the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Based upon Dr. Maxa's description of the medical treatment offered and given to Mr. Bryant to date, there is a low probability of success in meeting this standard.

Accordingly, we adopt the findings of the magistrate judge and order that the motions for injunctive relief be denied.

### B. Denial of Appointment of Counsel

Mr. Bryant has an eighth grade education, did not graduate from high school, has no vocational skills, and has no knowledge of the law. R&R at 3, Doc. 37 at 1. He also states that he has no possibility of retaining counsel due to his continued indigence and that he has had difficulty getting legal advice within FCI-Forest. He therefore asks the court to exercise its discretion and appoint counsel pursuant to 28 U.S.C. § 1915(b).

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nevertheless, Congress

5

has granted district courts statutory authority to "request" appointed counsel for indigent civil litigants. See 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"). The United States Court of Appeals for the Third Circuit has interpreted § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.1993). The Tabron court found that the decision to appoint counsel may be made at any point in the litigation, and may be made by a district court *sua sponte*. Id. at 156.

In Tabron, the court set forth factors that need to be considered in determining the appointment of counsel: the merits of the claim(s); the plaintiff's ability to present his case (education, literacy, prior work experience, prior litigation experience, language barriers); restraints placed on the prisoner by confinement; difficulty of the legal issues; degree of factual investigation needed; whether the case will require testimony of experts; and credibility issues. Id. at 157. "[T]his list of factors is not exhaustive, but should serve as a guidepost for the district courts." Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155). In addition, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 458. Furthermore, we must be cognizant of the scarcity of appointed counsel in § 1915(e) cases. Gordon v. Gonzales, 232 Fed. Appx. 153, 156 (3d Cir. 2007). (It is well known that the scarcity of such counsel is a chronic problem in the Erie Division of this Court.)

As a threshold matter, however, we must assess whether Bryant's case has "some arguable merit in fact and law." Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155); see also Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir.1986) (explaining that "[i]f mere bald assertions by an indigent ... required appointment of an attorney under [the statute], the demand

6

for such representation could be overwhelming"). Bryant asserts that this denial of adequate medical treatment has forced him to endure pain and suffering, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment.

To demonstrate a prima facie case of cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir.1993). This standard has two elements: First, plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

As we have explained above, the likelihood of success on the merits appears to be slim at this juncture because Mr. Bryant's care and treatment have been within the appropriate standard of care for a patient his age and with his laboratory test results.

We note that Mr. Bryant's legal claim is not complex. The standard of proof in Eighth Amendment deliberate indifferences cases is well-established and clear. Presumably he had witnesses within the prison who could give him affidavits, thus outside discovery is not necessary. No experts are necessary at this point. There appears to have been a prison library accessible to him prior to his release, although, perhaps, on a limited basis. All documents filed by Mr. Bryant to date have been typed. Mr. Bryant has been fully capable of presenting his own case, and has been able to respond to all pending motions and sought the Court's relief on his own behalf by filing his own motions. Furthermore, Mr. Bryant is adept at following the Court's procedures, and that all of his submissions have been both coherent and comprehensive. There is

no indication that he lacks the ability to engage in any factual investigation necessary to proceed with his claims. At the present time, there is no need to appoint counsel. This matter may be reconsidered at such time as the case is ready for trial.

## III. CONCLUSION

Because Bryant has failed to demonstrate that he will suffer irreparable harm if the injunction is denied, as well as a likelihood of success on the merits, we find that his motion for preliminary injunction should be denied. We also find that based upon the factors previously discussed, his request for appointment of counsel should also be denied.

AND NOW, to-wit, this 3rd day of February, 2011, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Baxter (Doc. 38) is ADOPTED as the Opinion of the Court.

2. The Motion for Preliminary Injunction, Temporary Restraining Order, and to Appoint Counsel Plaintiff Bryant (Doc.30 ) is DENIED.

3. Plaintiff Bryant is hereby DIRECTED to file a response to the Motions to Dismiss [Doc. 16 and 21] on or before February 22, 2011. Failure to do so may result in dismissal of his complaint in its entirety with prejudice.

4. This action is REMANDED to Magistrate Judge Baxter for further proceedings.

Feb. 3, 2011
Date

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: record counsel
Boise Bryant, *pro se*
Magistrate Judge Susan Paradise Baxter

8