# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOISE BRYANT,            )
                         )
    Plaintiff,           )
                         )
        v.               )   Civ. No. 10-48 Erie
                         )   Magistrate Judge Baxter
ROBERT L. MAXA, M.D. et al., )
    Defendants.          )

## MEMORANDUM ORDER

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff, a former an inmate at the State Correctional Institution at Forest ("SCI-Forest"), was notified by Judge Baxter (Doc. 43) that he must show cause on or before March 28, 2011 why his case should not be dismissed for his failure to prosecute this action by timely filing a response to defendants' motions to dismiss (Docs. 16 and 21). Plaintiff has not done so.

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir.1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

    (1) the extent of the party's personal responsibility;

    (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir.1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should dismiss the Complaint based on the Plaintiff's failure to prosecute.

Plaintiff has failed to comply with our order and has not taken the necessary steps to prosecute this case. Plaintiff is proceeding *pro se* in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to the motion to dismiss. With respect to the second factor, there appears to be no specific prejudice to Defendants other than general delay. With respect to the third factor, Plaintiff has shown dilatoriness in proceeding with his action with respect to responding to the motion to dismiss. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. Prior to his release from prison, Mr. Bryant has shown an awareness of the legal process and an ability to understand what is required of him.

The fifth factor to consider is the effectiveness of sanctions other than dismissal. It does not appear that monetary sanctions are appropriate. Finally, it does not appear from Plaintiff's allegations that he has a high likelihood to prevail. We note the difficulty in his complaint would have surviving a motion to dismiss on the grounds of the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 412 (1923)), the statute of limitations (Bougher v. University of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989)), as well as adequacy of factual averments to raise a reasonable expectation that discovery would will reveal evidence of an equal protection claim or a claim for retaliation.

AND NOW, to-wit, this 29th day of March, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that this case is hereby DISMISSED for failure to prosecute.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Boise Bryant
700 S. 17 Street, Apt. 401-N
Philadelphia, PA 19146

Counsel of record